# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No: 06-CR-41
        Appeal No: 06-4302

DEANTAE CHAMBERS,

        Defendant.

## DISTRICT COURT NOTIFICATION THAT IT DOES NOT WISH TO RESENTENCE THE DEFENDANT

On August 6, 2008, the court of appeals remanded this case for the limited purpose of this court informing the court of appeals as to whether it wishes to resentence the defendant in light of *United States v. Kimborough* 128 S.Ct 558, 575-576 (2007).

## BACKGROUND

On February 28, 2006, a grand jury returned a multiple count indictment charging Deantae Chambers and several co-defendants with various drug trafficking offenses. Specifically, Chambers was charged with one count of conspiracy to distribute controlled substances that included both crack and powder cocaine as well as marijuana, and one count of using a telephone communication facility to commit a drug trafficking offense. If convicted, Chambers faced a statutory mandatory penalty of 10 years and up to life on the conspiracy charge and up to 48 months on the telephone count. The government next filed a § 851 penalty enhancement

related to the offense charged in Count 1 based upon the defendant's prior felony conviction for drug trafficking. The effect of this enhancement doubled Chamber's minimum mandatory sentence exposure from 10 years to 20 years.

By entering into a written plea agreement with the government, Chambers was able to resolve these charges by pleading guilty to two telephone counts (Count 17 of the Indictment and a second charged by way of an Information) in exchange for the government's dismissal of the conspiracy charge, including the § 851 enhancement at sentencing. Notwithstanding the guideline determination to be made by the court that might otherwise call for a higher sentence, the plea agreement entered into by the parties and accepted by the court effectively capped the defendant's incarceration exposure to a term of imprisonment of no more than two 48-month consecutive terms, or 8 years.

Following entry of guilty pleas and preparation of a presentence report, the court sentenced Chambers to two consecutive terms of 48 months imprisonment for a total sentence of 96 months. The court did so after first determining the defendant's advisory sentencing guidelines that included a total offense level of 31 and a criminal history category of V. Under this matrix, but for the statutory cap of 48 months on each count, a substantially higher sentence – more closely aligned with the otherwise applicable advisory guideline range of 168-210 months – would have been appropriate.

Although not specifically addressed in the remand order, with the able assistance of the Probation Department the court has also undertaken an analysis of the defendant's sentencing guidelines in accordance with the Sentencing Commission's March 3, 2008 amendment related to the sentencing disparity between crack and powder cocaine. Under the applicable guideline as amended, the defendant's offense level is now 29, and with a criminal history category of V, his revised advisory guideline range now becomes 140-175 months.

With the benefit of the foregoing analysis, this court finds no reason to resentence Deantae Chambers since the defendant received a sentence significantly below that otherwise called for under both his original as well as amended sentencing guideline construct.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge